Conwat B, Judge. John A. Jordan presents a transcript of a cause — himself against Tindall and others — showing that the Circuit Court had heard the same, and determined it against the defendants, at the October term, 1846, and that, on their prayer, an appeal to this court was then granted them; and he moves that the appeal be docketed, and for an affirmance of the decree, or a dismissal of the appeal. This court has no authority to have appeals entered on its docket, without die assent of appellants, and it has repeatedly refused to affirm decrees or judgments for failure to file transcripts when appellants had given no recognizance; and, as to the dismission of the appeal, there 4s none here to dismiss, nor can there be in this case. The statute regulating appeals, provides that “All appeals which may have been taken thirty days before the first day of the next term of the Supreme Court, shall be returnable to such term,’ ’ and that “ The appellants shall cause to be filed, in the office of the clerk of the Supreme Court, at least ten days before the first day of such court, a transcript of the record and proceedings in the cause.” Rev. Stat. 644, sect. 234. It seems this appeal was taken in October, 1846, more than thirty days prior to the first, day of the January term, 1847, and consequently was returnable to that term. It was, therefore, incumbent on appellant, to file in the office of the clerk of this court, the requisite transcript, at least ten days anterior to the commencement,,of the January term, 1847, and his failure to do so could only have been excused on good cause shown at the return terrff of his appeal. That having elapsed without such showing, and without the transcript being filed, the appeal is forfeited. There being no ground or occasion for the motion, it is refused.